# UNITED STATES

## *v.*

# GEROMINO RIVERA.

San Juan, Criminal, No. —.

FEDERAL QUESTION IN ORGANIC ACT.

Organic Act, Porto Rico—Prohibition.

An organic act contains fundamental provisions as to the government and features as to local legislation. The former is within the jurisdiction of the Federal court; the second is not. The provision for prohibition is of the former class, being in the Bill of Rights. Whether the provision submitting it to a vote of the people makes it also enforceable through local tribunals is not before the court.

Opinion filed January 7, 1919.

*Mr. Miles M. Martin,* District Attorney, for the government.

*Mr. J. R. F. Savage* for defendant.

HAMILTON, Judge, delivered the following opinion:

This case is not one of the first magnitude, but is very interesting because it is the first of its kind. The government does not seem to contest the point whether violation of the prohibition section of the Jones Act, § 2, is a violation of a Federal statute to be enforced here. I would like to pass upon that phase of it before going further, because my observation not only here, but in other prohibition territory, is that at least at the beginning there is apt to be a good deal of violation of the

prohibition law, and this is particularly so here, where the law is an act of Congress and all in Porto Rico are not familiar with acts of Congress.

Now this is an act of Congress, it is true, but it has local features, because the people of Porto Rico were given the option by this very act of disaffirming by declaring that they did not want prohibition. The Jones Act, like every other organic act, has in it two classes of provisions. The one class relates to fundamental matters such as the establishment of government, the functions of its different departments,—executive, legislative, and judicial. I take it that as to matters of that sort the Jones Act is to be considered as coming within the scope of the jurisdiction of this court, that is to say, as to whether any of these departments comply with the act itself. That must be, if there is anything in an act of Congress, a question that comes up for Federal courts to decide.

Now there are other features, however, which I take it do not come within the scope of our jurisdiction at all. For instance, suppose, and it is a fact, that this act has in it a provision that the local legislature may pass a law upon a certain subject. It is given general legislative power and suppose it goes and passes a law upon a certain subject. That, I take it, is clearly not within the jurisdiction of this court, except as to whether it is unconstitutional or not. Otherwise there would be no difference between the organic and the local part.

To which class would this prohibition provision belong? It is in the first part of the act, in the part which is called, or generally considered at least as being, a Bill of Rights. Now a Bill of Rights essentially relates to the rights of American citizens, not citizens of this Island, territory, or whatever may be

United States v. Rivera.

the technical name for it, not as inhabitants of this Island, but as American citizens; that is what a Bill of Rights refers to primarily, and such seems to be the class of rules treated of in this section. I have had occasion to pass upon a number of these. Now is this one of those rights which appertain to American citizens? Putting it in the Bill of Rights is not absolutely conclusive, because we know that legislative bodies are not always careful in the arrangement of topics in laws. But I take it that this is properly in the Bill of Rights as relating to American rights or duties. "There shall be no liquor sold on the Island" must be considered in the view that is taken in modern times,—the tendency now-a-days in the matter of liquor to consider prohibition as a fundamental matter. A large number, I might say a majority, think it is the most fundamental of all matters. It is not necessary to adopt that view, but its prevalence shows the tendency.

This might have been a local matter. Congress gave the Island the right to make it a local matter, by disclaiming the right, but the Island did not do so. On the contrary it ratified the act of Congress itself. I think that the local feature has been eliminated. That being so, I take it then that the matter is one coming within the Bill of Rights, and is one which, when brought in this court, has to be enforced by this court. I am not passing upon the phase of it whether or not it is the duty of the local courts also to enforce this particular provision. I take it the local courts have a very wide jurisdiction in regard to the rights of American citizens, and it may be that they have as full jurisdiction as this court, at least primarily. I will not pass upon that, for it is not before me. The fact that a local court has disclaimed jurisdiction does not enter into my deci-

United States v. Rivera.

sion at all, except so far as it is incidental in bringing the case before me. I do say, however, that, in my opinion, this case and such cases can properly be brought before me. So much for the theoretical side of the case.

As to the particular offense, it seems that this man was in the business. What he had at the house was not for his own use. The quantity seized shows that he intended to make some other than a personal use of it, and the inference is that it was for sale. He did sell in this instance. It is his first offense so far as this court or any court is concerned, apparently. I do not want to impose punishment that will be oppressive in itself, and yet I do not want to impose so light a sentence that it will encourage others to expect the leniency of this court. I think the least I can do is to impose a fine of $50 and costs, and that will be the sentence. If I am to have many more of this class of cases it will not be a $50 fine, but in the hopes that there will be practically no more I will make this the sentence for the first time.

I would be glad, Mr. Clerk and Mr. Attorney, if you would give all possible publicity to this proceeding, so that it may have its proper effect.